SCHOTT, Judge.
Defendant was convicted of possession of heroin in violation of R.S. 40:966 and sentenced to five years at hard labor. He requests a review of the record for errors patent and makes a single assignment of error with respect to the refusal by the trial court to order the production of the police report.
We have reviewed the record for errors patent and find none.
Officer Payton who had testified during the state’s case in chief was recalled as a rebuttal witness. On direct examination he testified regarding the exact location of the automobile he was occupying shortly before defendant was arrested. On cross examination defendant’s counsel attempted to discredit his testimony by having him admit he had made one hundred arrests since the date of defendant’s arrest and had been in parked cars at this same intersection on numerous occasions. On redirect examination the prosecutor asked Pay-ton if he had made a report of the incident and referred to it prior to trial, and Payton answered that he did. Defense counsel then moved that the report be produced for the jury which motion the court denied. Defense counsel continued to question Pay-ton as follows:
“FURTHER EXAMINATION BY MR. JOHNSON:
Q. Officer Peyton, did you review that report prior to testifying today?
A. Yes
Q. Did you report as of yesterday morning?
A. Yes, sir.
Q. Is your recollection of where your automobile was parked based on your reviewing of your report?
A. No, sir
Q. You remembered where your automobile was parked independent from your report?
A. Yes, sir.”
Defendant was entitled to the report only if 1) Payton had physical possession of the report on the stand and testified from it; or 2) he testified exclusively from his past recollection recorded even though he did not have physical possession of the report on the stand; or 3) it was established that there was an inconsistency between Pay-ton’s testimony and his report. State v. Johnson, 438 So.2d 1091 (La.1983). Defendant contends he met the second and third condition.
With respect to the second condition Pay-ton’s testimony clearly indicated that his present testimony was refreshed by the report so that this condition was not met. In this respect the case is indistinguishable from State v. Brown, 461 So.2d 407 (La. App. 4th Cir.1984).
As to the third condition defendant failed to establish any inconsistency between the testimony and the report. In this connection, while there is no indication that the trial judge reviewed the report in camera as in Brown, neither did his counsel make a contemporaneous request or motion for such an in camera review.
Accordingly the conviction and sentence are affirmed.
AFFIRMED.